FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 12:28 pm, Jul 21, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JUAN BARRERA-GUANARITA,

    Petitioner,

v.

TRACY JOHNS,

    Respondent.

CIVIL ACTION NO.: 5:19-cv-81

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Juan Barrera-Guanarita ("Barrera-Guanarita"), who is currently incarcerated at D. Ray James Correctional Facility in Folkston, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. Respondent filed a Motion to Dismiss, and Barrera-Guanarita filed a Response. Docs. 10, 12. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion and **DENY** Barrera-Guanarita's Petition. I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Barrera-Guanarita leave to appeal *in forma pauperis*.

### BACKGROUND

Barrera-Guanarita was convicted in the Southern District of Florida of attempt to and conspiracy to import cocaine into the United States, in violation of 21 U.S.C. §§ 959 and 963, and was sentenced to 84 months' imprisonment. Doc. 1 at 1; Doc. 10-1 at 8. He has a projected release date of May 23, 2023, via good conduct time release. Doc. 10-1 at 8.

As a result of disciplinary hearing proceedings based on a Code 108 charge for possession a cellular telephone, Barrera-Guanarita was sanctioned with the loss of 41 days' good conduct time, 54 days' non-vested good conduct time, and loss of visitation, commissary, and telephone privileges for 6 months.  Doc. 1 at 2; Doc. 10-1 at 11–12.

## DISCUSSION

In his Petition, Barrera-Guanarita asserts his imposed sanctions were too severe, as two other inmates received less severe sanctions than he did for committing the same violation.  Doc. 1 at 6–7.  As relief, Barrera-Guanarita requests to have the same sanctions as the other two inmates (loss of 27 days' good conduct time).  Id. at 8.  Respondent alleges Barrera-Guanarita fails to set forth a due process claim and that his sanctions comport with Bureau of Prisons' ("BOP") policy.  Doc. 10 at 4–9.

**I.      Whether the Imposed Sanctions Violate Due Process**

Respondent argues that each of the sanctions the Disciplinary Hearing Officer ("DHO") imposed against Barrera-Guanarita are permitted under BOP policy, and any challenge to the severity of the sanctions should be dismissed.[1]  Doc. 10 at 5–9.

---

[1]   Barrera-Guanarita does not contend his *procedural* due process rights were violated as a result of the disciplinary hearing.  Even if he did, such a claim would be subject to denial.  A prisoner has a protected liberty interest in statutory good time credits, and therefore, a prisoner has a constitutional right to procedural due process in the form of a disciplinary hearing before those credits are taken away or denied.  O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (citing Wolff v. McDonnell, 418 U.S. 539, 555–57 (1974)).  That due process right is satisfied when the inmate: (1) receives advance written notice of the charges against him; (2) is given the opportunity to call witnesses and present documentary evidence; and (3) receives a written statement setting forth the disciplinary board's findings of fact.  Id. (citing Wolff, 418 U.S. at 563–67).  Additionally, the Eleventh Circuit has determined an inmate has the right to attend his disciplinary hearing.  Battle v. Barton, 970 F.2d 779, 782–83 (11th Cir. 1992).  Importantly, an inmate facing disciplinary sanctions is not entitled to the full panoply of rights afforded to criminal defendants.  Id.  Barrera-Guanarita received written notice of the charges against him well in advance of the hearing, was advised of his rights applicable during the hearing, attended the hearing, and received written notice of the DHO's findings.  Doc. 10 at 5–6; Doc. 10-1 at 3–5, 11–13.  The Court addresses this issue because Respondent raised it in his Motion to Dismiss.

"[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985). Determining whether the "some evidence" standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Smith v. Sec'y, Fla. Dep't of Corr., 432 F. App'x 843, 845 (11th Cir. 2011). "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 456. "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." Tedesco v. Sec'y for Dep't of Corr., 190 F. Appx' 752, 757 (11th Cir. 2006) (internal citation omitted).

The DHO's decision to impose loss of 41 days' good conduct time, 54 days' non-vested good conduct time, and loss of visitation, commissary, and telephone privileges for 6 months as sanctions after finding Barrera-Guanarita committed the Code 108 violation is based on "some evidence."[2] Indeed, DHO Roger Perry based his findings on a written report by Investigating Officer G. Reynolds, photographs of the cellular phone, and Barrera-Guanarita's admission of guilt. Doc. 10-1 at 12. In addition, the sanctions imposed were due to the seriousness of Barrera-Guanarita's actions and in an attempt to deter Barrera-Guanarita from future violations, and these sanctions were made in accordance with Program Statement 5270.09. Id. at 12–13.

---

[2]  The Court addresses the "some evidence" standard based on Respondent's Motion to Dismiss. Doc. 10. Barrera-Guanarita, however, only challenges the severity of the sanctions relative to sanctions imposed on other inmates; he does not contend the sanctions are not supported by the evidence. Docs. 1, 12.

The BOP's Program Statement 5270.09 concerns the inmate disciplinary program. Doc. 10 at 8. Under this Statement, prohibited acts are categorized and assigned code numbers and severity levels. In addition, the possible sanctions for any prohibited act are set forth in the Program Statement. Program Statement 5270.09.[3] A Code 108 charge is one of the "greatest severity," and the allowable sanctions for violations of charges of the greatest severity are sanctions "A through M" after a finding is made the inmate committed the charged act. Id. at 9, 12–16 (§ 541.3(b)(1)). The allowable sanctions for a finding of guilt on a Code 108 charge include forfeiture of up to 100% of non-vested good conduct time, disallowance of up to 41 days' good conduct time, and loss of privileges. Id. at 11 (§§ 541.4(b)(1), (4)); Doc. 10 at 8–9. DHO Perry found Barrera-Guanarita guilty of the Code 108 charged offense, and "some evidence" supports this finding. DHO Perry was allowed to impose the loss of 41 days' good conduct time, 54 days' non-vested good conduct time, and loss of visitation, commissary, and telephone privileges for 6 months after finding Barrera-Guanarita guilty of the charged offense, in accordance with the BOP's Program Statement for inmate discipline. Thus, the imposed sanctions "were proper under the circumstances." See Duffy v. Atkinson, No. 09-23210-CIV, 2010 WL 3055190, at *4 (M.D. Ga. July 9, 2010) (recognizing a violation of a moderate category offense and finding imposed sanctions appropriate under the applicable policy), *report and recommendation adopted*, 2010 WL 3055223 (Aug. 3, 2010). Accordingly, I **RECOMMEND** the Court **GRANT** this portion of Respondent's Motion to Dismiss.

---

[3] https://www.bop.gov/PublicInfo/execute/policysearch?todo=query, last visited July 21, 2020.

II.     **Whether the Severity of Sanctions Violated Barrera-Guanarita's Constitutional Rights**

Barrera-Guanarita claims there is disparity between the sanctions imposed against him and against other inmates who committed the same prohibited act.  Doc. 1 at 8; Doc. 12.[4]

The basis for Barrera-Guanarita's claim is unclear, but it can best be construed as an equal protection claim, based on his allegations that he was sentenced more harshly than other inmates for similar offenses due to "discrimination."  Doc. 1 at 8.  However, Barrera-Guanarita does not allege a plausible equal protection claim.  In order to state a viable equal protection claim, a prisoner must allege: (1) that he has been treated differently from other "similarly situated" inmates, and (2) that this discriminatory treatment is based upon a constitutionally-impermissible basis, such as race.  Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001).  In this case, Barrera-Guanarita contends that he received a more severe punishment than other inmates who committed the same offense.  Barrera-Guanarita fails to allege he is similarly situated to those inmates, particularly given the number of inmate-specific factors the DHO considers when fashioning a punishment, or that he was discriminated against based on a constitutionally-impermissible basis, such as race.  Docs. 1, 12, 12-1, 12-2.  The Court notes Barrera-Guanarita's submission of one page each of the findings for two disciplinary proceedings involving two other inmates, docs. 12-1, 12-2, but nothing in this submission suggests the disparity in sanctions rests on an impermissible basis.

---

[4]     In his Response to the Motion to Dismiss, Barrera-Guanarita amends his requested relief.  Instead of seeking to have 27 days of lost good conduct time restored, doc. 1 at 6–8, he only wants the restoration of his lost 54 days' non-vested good conduct time.  Doc. 12 at 2.  In addition, Barrera-Guanarita uses different alleged comparators in his Petition and in his Response to the Motion to Dismiss.  Doc. 1 at 7–8; Docs. 12-1, 12-2.

5

In short, Barrera-Guanarita fails to set forth a plausible equal protection claim based on a purported disparity in sanctions imposed by DHO Perry.  Therefore, the Court should **DENY** Barrera-Guanarita's Petition.

### III.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Barrera-Guanarita leave to appeal *in forma pauperis*.  Though Barrera-Guanarita has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Barrera-Guanarita's filings and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Barrera-Guanarita *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion and **DENY** Barrera-Guanarita's Petition. I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Barrera-Guanarita leave to appeal *in forma pauperis*.

The Court directs any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge.

**SO REPORTED and RECOMMENDED**, this 21st day of July, 2020.

/s/ B. Cheesbro
_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA